THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA SINGLETON, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>BUSH INVESTMENTS, INC., and )<br>BUSH'S GROCERY AND DELI, )<br>)<br>   Defendants. ) | 2:07 cv 718-MHT |

## ANSWER

COME NOW the Defendants identified in the Complaint as Bush Investments, Inc., and Bush's Grocery and Deli (hereinafter "Defendants"), by and through counsel, and hereby respond to the Complaint of Linda Singleton (hereinafter "Plaintiff") and submit their Answer and Affirmative Defenses as follows:

    1.    In response to Paragraph 1, Defendants admit that jurisdiction is proper in this court but deny any violation of the Fair Labor Standards Act and further deny any damages suffered by the Plaintiff.

    2.    Defendants admit that venue is proper in the Northern Division of the Middle District of Alabama

3. Defendants admit that Plaintiff is or was a resident of Elmore County, Alabama, that Plaintiff is over the age of 19 years, and that Plaintiff was employed by Defendant.

4. Admitted.

5. Admitted.

6. Defendants admit the nature of this action. This Defendant deny any unlawful practices. This Defendant deny that punitive damages may be awarded in this action.

7. Defendants deny the material allegations of Paragraph 7 of the Complaint and demand strict proof thereof.

8. To the extent that a response is required to Paragraph 8 of the Complaint, Defendants deny liability to the Plaintiff for compensatory and punitive damages.

9. Defendants respond to Paragraph 9 of the Complaint as set out in Paragraphs 1 through 8 above.

10. Admitted.

11. Defendants deny the material allegations of Paragraph 11 of the Complaint and demand strict proof thereof.

12. Defendants deny the material allegations of Paragraph 12 of the Complaint and demand strict proof thereof.

13. Defendants deny the material allegations of Paragraph 13 of the Complaint and demand strict proof thereof.

14. Defendants deny the material allegations of Paragraph 14 of the Complaint and demand strict proof thereof.

15. Defendants deny the material allegations of Paragraph 15 of the Complaint and demand strict proof thereof.

16. Defendants deny the material allegations of Paragraph 16 of the Complaint and demand strict proof thereof.

17. Defendants admit that the Plaintiff was under the supervision of Dorothy Bush. Defendants deny the remaining allegations of Paragraph 17 of the Complaint and demand strict proof thereof.

18. Admitted.

19. Defendants deny the material allegations of Paragraph 19 of the Complaint and demand strict proof thereof.

20. Defendants deny the material allegations of Paragraph 20 of the Complaint and demand strict proof thereof.

21. Defendants respond to Paragraph 21 of the Complaint as set forth in Paragraphs 1 through 20 above.

22. Defendants deny the material allegations of Paragraph 22 of the Complaint and demand strict proof thereof.

23. Defendants admit that Plaintiff was employed at the rate of $6.00 per hour. Defendants deny the remaining allegations of Paragraph 23 of the Complaint and demand strict proof thereof.

24. Defendants deny the material allegations of Paragraph 24 of the Complaint and demand strict proof thereof.

25. Defendants deny the material allegations of Paragraph 25 of the Complaint and demand strict proof thereof.

26. Admitted.

27. Defendants deny the material allegations of Paragraph 27 of the Complaint and demand strict proof thereof.

28. To the extent that any response is required of Defendants to the Plaintiff's Prayer for Relief, Defendants state there is no liability to this Plaintiff and deny the Plaintiff is entitled to the relief prayed for.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses without assuming the burden of proof for such defenses that would otherwise rest with the Plaintiff.

1. Defendants plead that the Complaint fails to state a claim upon which relief can be granted and is due to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Defendants plead that, except to the extent expressly admitted herein, the allegations of the Complaint are denied.

3. Defendants plead that the Plaintiff is not entitled to punitive damages under the allegations of the complaint.

4. Defendants plead that the Plaintiff has failed to mitigate her damages.

5. Defendants plead the general issue.

6. Defendants plead the Doctrines of *res judicata*, collateral estopppel, waiver, and laches as a bar to liability and recovery in this case.

7. Defendants plead good faith and reasonable grounds for believing that the actions or omissions complained of did not violate any federally or state-protected right.

8. Defendants plead that Plaintiff's claims for damages are limited in whole or in part by statute.

9. Defendants plead that the Plaintiff is barred from recovery of special damages because she has failed to plead such damages as required.

10. Defendants plead that the Plaintiff's claims for recovery, including, but not limited to, any claims for damages, penalties, and punitive damages are in contravention of Defendants' rights under each of the following constitutional provisions:

> (a) Article 1, § 8 of the United States Constitution, which prohibits impermissible burdens on interstate commerce;
>
> (b) the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;
>
> (c) the Due Process Claus of the 14th Amendment to the United States Constitution;
>
> (d) the Excessive Fines Clause of Article 1, § 15 of the Constitution of Alabama;
>
> (e) the Due Process Clause of Article 1, § 6 of the Constitution of Alabama;
>
> (f) the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution; and

  (g) the Double Jeopardy Clause of Article 1, § 9 of the Constitution of Alabama.

11. Defendants plead the Plaintiff's claims under the Fair Labor Standards Act are due to be dismissed as Plaintiff was neither engaged in commerce or in the production of goods for commerce during her employment with the Defendants.

12. Defendants plead the Plaintiff's claims under the Fair Labor Standards Act are due to be dismissed as Plaintiff was not employed in an enterprise engaged in commerce or in the production of goods for commerce.

13. Defendants plead the Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.

14. Defendants reserve the right to amend this Answer and file additional affirmative defenses for a reasonable time upon the completion of discovery in this case.

          /s/S. Mark Dukes
          S. MARK DUKES, ESQ. (DUK014)
          Counsel for Defendants Bush Investments, Inc., and Bush's Grocery and Deli

OF COUNSEL:
*Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.*
Post Office Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 - facsimile
mdukes@nixholtsford.com

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm e-mail to

Keith "Andy" Anderson Nelms, Esq.
*The Law Offices of Jay Lewis, LLC*
P.O. Box 5059
Montgomery, AL 36103

on this the 28th day of August, 2007.

                                         /s/S. Mark Dukes
                                         OF COUNSEL